**UNITED STATES of America, et al., Plaintiffs,**

v.

**AMERICAN PETROFINA PIPELINE COMPANY, Defendant.**

No. 1:92–CV–0525.

United States District Court,
E.D. Texas,
Beaumont Division.

May 18, 1995.

Lavon Jones, Beaumont, TX, Fred R. Disheroon, U.S. Dept. of Justice, Washington, DC, Jack N. Price, Austin, TX, Thad Heartfield Jr., Beaumont, TX, for plaintiffs.

Dennis M. Dylewski, Johnson & Dylewski, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

### BACKGROUND

In 1991 and 1992, the Army Corps of Engineers (Corps) directed Petrofina Pipeline Company (Fina) to remove and relocate its Hillebrant Bayou pipeline to accommodate the construction of the Taylors Bayou Flood Control Project. Fina refused. Fina maintained that it would comply only if the Corps or the local sponsor of the project (Jefferson County Drainage District No. 6, hereinafter DD6) agreed to compensate it for the cost of the removal and relocation. In response, the Corps revoked whatever permit rights Fina had to maintain the pipeline.

Late in 1992, the Corps filed suit in this court demanding (1) injunctive relief directing Fina to remove the now unauthorized pipeline; and (2) monetary damages for the delays resulting from Fina's refusal to remove the pipeline. In March 1993, the Corps moved for partial summary judgment with respect to the injunctive relief and it was granted. On April 19, 1993, the court ordered Fina to remove the pipeline at its own cost.

Fina appealed this court's decision to the Fifth Circuit.

Before the court granted the Corps motion for partial summary judgment, however, DD6 moved to intervene. After the notice of appeal was filed, the motion to intervene was granted.

In the summer of 1993, while the court's decision was on appeal, Fina filed a counter-claim against DD6. Fina asserts that DD6 is responsible for the cost of removing and relocating the pipeline.

In response to this counter-claim, DD6 filed a Motion to Dismiss for Failure to State a Claim. DD6 contends that, pursuant to Fina's allegedly "nation-wide" permit,[1] no cause of action can lie against DD6 for its part in forcing Fina to move the pipeline.

The Fifth Circuit delivered its opinion on October 19, 1994. The circuit court affirmed this court's ruling that Fina had to move and relocate the pipeline. However, the circuit court noted that Fina can recoup all or part of its costs if the pipeline in question was located (1) wholly outside the boundaries of the original permit; or (2) substantially outside the boundaries of the original permit.[2] Accordingly, the case was remanded to this court for a determination of whether or not

---

1. See 33 C.F.R. 330.3.

2. See *United Texas Transmission Company v. United States Army Corps of Engineers*, 7 F.3d 436, 441 (5th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994) (UTT-CO).

Fina is entitled to recoup any of the cost of relocation.

The court now considers DD6's motion to dismiss and is of the opinion that it should be DENIED.

## ANALYSIS

 A court considering a 12(b)(6) motion must focus on two central principles. The first is that the complaint should be liberally construed in favor of the plaintiff with all well-pleaded facts in a complaint taken as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The second is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

DD6 maintains that since the Fina pipeline has at most a nationwide, rather than a Section 10,[3] permit DD6 cannot possibly be held accountable for the costs of relocation. Accordingly, it contends that a motion to dismiss is proper. The court is unconvinced.

To begin, the species and scope of Fina's permit is a fact issue to be resolved by the court on remand. DD6 claims that Fina has a nationwide permit. On appeal, Fina asserts that it has a section 10 permit. *See United States v. American Petrofina Pipeline Co.*, 37 F.3d 632 (5th Cir.1994). The very crux of this remand is to determine whether the facts support an *UTTCO*-type recovery by Fina. This is hardly the type of claim which can be dismissed on a 12(b)(6) motion, especially when the salient facts are still in dispute (namely, the type of permit Fina had, the scope of the permit, and the location of the pipeline).

Additionally, the Fifth Circuit has implied that the type of permit is irrelevant to Fina's ability to recover. *See American*, 37 F.3d 632. The court is therefore unwilling to dismiss Fina's claim without a clear indication that Fina's counterclaim is contingent upon the type of permit covering the pipeline.

## ORDER

Before the court is the Intervenor's Motion to Dismiss. After considering the motion the court is of the opinion that it should be DENIED.

It is therefore

ORDERED that Intervenor's Motion to Dismiss is DENIED.

---

**3.** *See* Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403.